IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * Criminal No. CCB-18-0220 |
| | * |
| DAVONTE DRUMMOND | * |

*******

## MEMORANDUM

Now pending is the defendant's motion to dismiss the superseding indictment (ECF 50). For the reasons stated below, the motion will be denied.

In April 2018 Davonte Drummond was indicted on one count of unlawful possession of a firearm. Consistent with current case law, the indictment charged Drummond with knowing possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g). (ECF 1). On June 21, 2019, however, the Supreme Court decided in *Rehaif v. United States*, 139 S.Ct. 2191 (2019), that the government also had to prove the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm," 139 S.Ct. at 2200. In *Rehaif*, the category was an alien "illegally or unlawfully in the United States." *Id.* at 2194. In this case, the category is a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1).

On December 3, 2019, shortly before trial, the grand jury returned a superseding indictment against Drummond charging as follows:

On or about December 6, 2017 in the District of Maryland, the defendant,

**DAVONTE DRUMMOND**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit, a Kel-Tec P3AT, .380 caliber, semi-automatic pistol, bearing serial number KZH16, and three Federal .380 caliber cartridges, and the firearm and ammunition were in and affecting commerce.

1

(ECF 40). Drummond requested a postponement of the trial, which was granted, and filed a motion to dismiss, arguing that under *Rehaif*, the government also must prove Drummond knew that, because of his conviction, his possession of a gun was unlawful. Because the superseding indictment fails to allege that element, Drummond contends, it must be dismissed. The government has filed an opposition, and no evidentiary hearing is needed.

The defendant's argument is not supported by *Rehaif*. The Court, in analyzing the scope of the word "knowing" in 18 U.S.C. § 924(a)(2),[1] asked whether the government had to prove the defendant knew both that he possessed a firearm and "that he was a felon, an alien unlawfully in this country, or the like[]?" 139 S.Ct. at 2194. The Court held that the defendant must know both his conduct (the possession) and his status. *Id.*

Drummond relies on the Court's discussion of *Liparota v. United States*, 471 U.S. 419 (1985), where the Court found that "knowingly" applied to whether the use of food stamps was unlawful. The reference to *Liparota*, however, is followed by the Court's explanation that a defendant who does not know his <u>status</u> lacks the required scienter under 18 U.S.C. § 922(g).[2] *Rehaif*, 139 S.Ct. at 2198. *Rehaif* does not require, as Drummond argues, that the grand jury charge and the government prove he knew his possession of the gun was unlawful. *United States v Bowens*, 938 F.3d 790, 797 (6th Cir. 2019); *see also United States v. Lockhart*, -- F.3d --, 2020 WL 110799 at *6 (4th Cir. Jan. 10, 2020) (en banc) (discussing elements of § 922(g) after *Rehaif*).

Accordingly, the motion to dismiss will be denied by a separate Order, which follows.

1/24/20
Date

CCB
Catherine C. Blake
United States District Judge

---

[1] Section 924(a)(2) provides that "[w]hoever knowingly violates [§ 922(g)] shall be fined as provided in this title, imprisoned not more than 10 years, or both."

[2] "A defendant who does not know that he is an alien 'illegally or unlawfully in the United States' does not have the guilty state of mind that the statute's language and purposes require." *Rehaif*, 139 S.Ct. at 2198.

2