IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** \* | |
| \* | **Crim. No. CCB-18-220** |
| v. \* | |
| \* | |
| **DAVONTE DRUMMOND** \* | |
| \* | |

**CONSENT MOTION FOR CONTINUANCE OF SENTENCING HEARING AND SUSPENSION OF BRIEFING SCHEDULE**

Mr. Drummond, through undersigned counsel, requests that this Court continue Mr. Drummond's sentencing hearing and suspend the briefing schedule with respect to sentencing memorandums until the Supreme Court issues a decision in *Wooden v. United States*, No. 20-5279. *Wooden* will likely impact one of the issues raised in the Federal Public Defender's amicus brief (ECF No. 82-1), as to why Mr. Wooden cannot be subject to an enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The government and the Federal Public Defender consent to this motion. In support of the motion, Mr. Drummond states the following:

1.  The Office of the Federal Public Defender has filed an amicus brief in this case arguing that Mr. Drummond should not be subject to the ACCA for multiple reasons. One of these reasons relates to the different occasions requirement under the ACCA. Under the statute, one can only be deemed an armed career criminal if he has three prior convictions for "serious drug offenses" or "violent felonies" that were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The Federal Public Defender's position is that the different occasions inquiry can only be resolved by reviewing non-elemental facts that go beyond the fact of conviction; therefore, these facts, which result in mandatory sentencing increase, must be

alleged in the indictment and proven to the jury beyond a reasonable doubt under the Sixth Amendment, as required by *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Because the government has not alleged such facts in the indictment or proven them to the jury in Mr. Drummond's case, the Federal Public Defender argues that Mr. Drummond cannot be subject to the ACCA.

2. The Supreme Court is likely to speak to this issue in *Wooden,* in which the Court has granted certiorari. In *Wooden*, at issue is the meaning of the different occasions requirement under the ACCA. The National Federal Public Defender Association (NAFD) and the National Association of Criminal Defense Attorneys (NACDL) have submitted amicus briefs urging the Supreme Court, in the course of deciding *Wooden*, to find that facts relating to the different occasions inquiry must be alleged in the indictment and submitted to the jury under *Apprendi*. *See* Exhibits 1 and 2.

3. Because the Supreme Court is likely to speak to the *Apprendi* issue raised in Mr. Drummond's case, which in turn, could have a dramatic impact on Mr. Drummond's sentence, sentence, it is important to pause the sentencing proceedings. For the sake of judicial efficiency, Mr. Drummond respectfully asks that this Court postpone his sentencing hearing and briefing schedule in this case until the Supreme Court decides *Wooden*, which will likely be within the next year.

Respectfully submitted,

MURPHY & PRICE, LLP

_____/s/_____
J. DENNIS MURPHY, JR.

1125 West Street, Suite 200
Annapolis, MD 21401
dennis@murphypricelaw.com
(410) 280-2500
MD Federal Bar No.: 07727
Counsel for Defendant

<u>CERTIFICATE OF SERVICE</u>

 I HEREBY CERTIFY that on the date of the electronic filing of this submission, a copy was served on all parties via CMECF.

              _____/s/_____
              J. Dennis Murphy, Jr.